**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Comcast of Maine/New Hampshire, Inc.,
et al.</u>

    v.                                        Civil No. 05-cv-270-JM

<u>Toan Tan Quach, d/b/a TQ, Inc.</u>

**O R D E R**

    Plaintiffs move for default judgment on Count II of their complaint,[1] which alleges that the Defendant assisted third parties in the unauthorized interception or reception of the Plaintiffs' cable television signals in violation of 47 U.S.C. § 553(a).  The well-plead allegations in the complaint, taken as true as a consequence of the Defendant's default for failure to plead or otherwise defend, establish that the Defendant's conduct subjects him to liability under § 553.  See <u>Ortiz-Gonzalez v. Fonovisa</u>, 277 F.3d 59, 62-63 (1st Cir. 2002).

    Plaintiffs now seek damages under 47 U.S.C. § 553(c)(3). Plaintiffs are entitled to a minimum statutory damage award of $250 "for all violations involved in the action."  47 U.S.C. §

---

[1] Plaintiffs should non-suit the other counts in their complaint in order to terminate the case.

553(c)(3)(A)(ii).  The court may award statutory damages in an amount up to $10,000 as the court considers just.  Id.  The court is further authorized by the statute to increase the award of damages by an amount of not more than $50,000 in cases where the court finds that "the violation was committed willfully and for purposes of commercial advantage or private financial gain."  47 U.S.C. § 553(c)(3)(B).  There is wide variation among the federal courts in the awarding of statutory damages under § 553(c).  See Charter Commc'n Entm't I, LLC v. Burdulis, 367 F. Supp. 2d 16, 27 (D. Mass. 2005) (collecting cases).

After reviewing the Plaintiffs' submissions in support of the motion for default judgment, the Court finds that the Plaintiffs have established that the Defendant sold at least two unauthorized nonaddressable descrambling devices that were designed to enable the end user to steal the Plaintiffs' cable television signals.  Those sales were to Plaintiffs' investigators.  At the relevant times, the Defendant was selling such devices for $189 each.  The Court further finds that the Defendant's sales were willful and for purposes of commercial advantage or private financial gain.  It is not possible to determine, based on the evidence presented, exactly how many

unauthorized devices Defendant sold, but the Plaintiffs have
sufficiently demonstrated that the Defendant offered unauthorized
devices for sale at a "flea market" in Salem, New Hampshire, on
at least five different dates between July and October 2002.  The
Court finds that a statutory damage award of $378 for the two
devices that Plaintiffs established that Defendant sold, and
enhanced damages of an additional $10,000 for engaging in what
appears to have been a small-scale distribution business, is just
under the circumstances of this case.  See Charter Commc'n, 367
F. Supp. 2d at 28 (finding that statutory damages should be a
reasonable estimate of actual damages and that any deterrent
effect should be created through an award of enhanced damages and
attorneys' fees); see also Comcast of Mass. I, Inc. v. Naranjo,
303 F. Supp. 2d 43, 48 (D. Mass. 2004) (finding that the court
should award as "just" statutory damages as reasonable an
estimate of actual damages as the facts allow).  Accordingly, the
total statutory damage award in this case shall be $10,378.

Plaintiffs further request that the Court issue a permanent
injunction against the Defendant to prevent the Defendant from
committing further violations of § 553.  The Court is statutorily
authorized to grant injunctive relief under 47 U.S.C. §

553(c)(2)(A).  Since the Plaintiffs have not submitted any evidence more recent than October 2002 that shows that the Defendant has continued to commit violations of § 553 the Court does not find that an injunction is warranted to prevent or restrain future violations.  See Cablevision of S. Conn., Ltd. Pshp. v. Smith, 141 F. Supp. 2d 277, 287-288 (D. Conn. 2001) (denying a request for an injunction because the court could not be certain whether the defendant continued to harm the plaintiff through further violations and because any further violations could be remedied through an award of monetary damages).

In their moving papers, Plaintiffs sought leave to make an additional submission in support of their request for costs and reasonable attorneys' fees, as authorized under 47 U.S.C. § 553(c)(2)(C), after the Court determined the amount of statutory damages.  The Plaintiffs are directed to make a submission establishing its costs and reasonable attorney fees in connection with this case within 10 days.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: February 10, 2006

```
cc:   John M. McLaughlin, Esq.
      R. Peter Shapiro, Esq.
```